If it would please the Court, this is a situation where somebody has been released from detention after 30 months of having... Isn't it moved? On June 3. That's correct. Well, released on detention. I'm going to get to that, if I may, Your Honor. But there are lingering collateral consequences by which this person is still suffering due to having been detained and being placed in proceedings. Additionally... What are the collateral consequences? Well, the collateral... Right up front, Your Honor, first of all, this Court, through a different panel, remanded the case back to the Board of Immigration Appeals five months ago. And she's out. She's out. She's out. But on the other hand, she can be detained at any moment. And I will take that by the law. If so, then you're back to square one. I mean, this habeas petition challenges only the legality of her detention, and she's no longer being detained. Well, Your Honor, her release was immediately prior to the submission of a reply brief. There are many issues that need to be raised that I'm prepared to raise at oral argument. I have not yet raised them on the papers. But isn't this going back? I mean, aren't there proceedings yet to be held? And that's quite the problem, if I may proceed. Well, let me... That's quite the problem. This case has been pending before the Board. If you were to call the Board Information System, 1-800-898-7180, you will find out that she still has a final administrative order, having had her administrative appeal dismissed on December 30, 2002. So despite this court's remand order, the Board has done nothing, which means that she still has an aggravated felony conviction, according to the Department of Homeland Security and Department of Justice. Mr. Garrett, all that may be true, and I understand there may be some remedies that you need before the courts, and the courts are always open, I hope, for proper requests for remedy. But the only remedy you have asked this Court to address, if I read the documents correctly, is to spring her from jail. Correct. And she's been sprung. I don't know what we – let's rule in your favor. What will happen that hasn't already happened? Clearly, we need a remand back to the district court for the following purposes. First of all, the district court found that she's detainable under 236C. That is – that continues to be the law and the facts of this case. 236C does not apply to individuals. This case is a dead duck if it's dismissed for smoothness. Then you're saying that the law and the facts would not apply to the case. But 236C applies only to cases – only to aggravated felons, and she still is an aggravated felony, according to the – and I've talked and negotiated with the government, and they still think she's an aggravated felon. But 236C only applies to aggravated felons who were released from criminal detention on or before October 8th, 1998. And she was released in 96. Such being the case, they could take the law and the fact that's been promulgated by the district court and detain her again. Additionally – and this is something that's equally important and has been found to be a lingering collateral consequence. Were it not for the fact that she was still in proceedings – and she shouldn't be. This case should be terminated by the board and hasn't yet done so. But were it not for the fact that she's in proceedings, she could apply for citizenship. And she's eligible for citizenship. And as a citizen, she has a plethora of benefits that she's now cut off from. In the habeas proceeding, what were you asking for? I'm asking for injunctive relief. I'm asking for remand back down to district court to instruct – What did you ask for in your habeas position in district court? When she was detained, I was asking her to get sprung. But I didn't raise these issues because – You didn't raise these issues. That's the entire point. And now you want to raise new issues here. You ask that she be sprung. She's out. It's moot. It's dead. If she gets picked up again, if there are other proceedings, you can raise all these issues in the other proceedings. Or you can raise them perhaps. You can raise them even while she's out. On a moot district court action. Yeah. But the problem we're wrestling with is you asked for one thing, which was get my client out of jail. She needs a get-out-of-jail card. And you didn't get it. So you came up here and said, dear appellate court, give me a get-out-of-jail – whoops, she's not in jail. Well, our exception here is under the capable repetition doctrine. And you're describing a situation where they can detain her and then I go to jail again and then they spring her and so forth and we play the same cat and mouse. Well, my guess is that – And she could spring her any time before there's an order. In addition to that, there's a likelihood of that happening because subject to whether it's 236-C or 236-A, they could go and get her at any time. Well, of course. The government can always find grounds. Well, I mean, if she's out on her $5,000 bond, I don't know how they could undo that. And if they did, I would suspect that you would be the first one at the court door saying put the government in jail. And you might be right. But, you know, that's a what-can-happen kind of speculation. I'd like to answer both of those questions. They can do that pursuant to 236-A. It's written right in the statute. And will they? Well, she's been detained for 30 months and they have every reason to do – we have every reason to believe that they will do so again. And maybe we could get the government to address that issue right here before us and assure us that they wouldn't abuse the government's power, wouldn't they? Would that be helpful to you? That would mean our travels have not been for naught. But in addition to that, Your Honor, aside from having the power to do so, and I had a second point, there is an inclination to do so. They have fought – she has been detained for 30 months on falsely sustained charges. The board to this date has not acknowledged this court's remand order. So she sits here as we speak, an aggravated felon, according to the Department of Justice and Department of Homeland Security. And you're asking essentially somebody who's been, by analogy, subject to past persecution, not to have a fear of future persecution. And that's just not the case. She's rather weary. She's been damaged by 30 months of hard time in a federal detention center. And she would be comforted tremendously by an order, by a remand order by this court, to make sure that the district court ensures, first of all, that the board give respect to this court's order and reopen proceedings and adjudicate premised upon ineffective assistance of prior counsel, number one, and address the issues that she was detained, premised upon unsustainable charges using the administrative record. And finally – You raised all that with the district court? We will raise that with the district court if we must. Have you presented all those issues to the district court? Those issues weren't ripe yet. She was detained. What else did she have but to be sprung? Mr. Gomes-Ellis, I think there's nothing – I don't know whether you're precluded from raising these issues or not. I'm not expressing opinion or giving free legal advice. But the point is we've only got what we've got in front of us, and that's a request that she be undetained, and she has been undetained. The Ninth Circuit has found that issues can be raised while not on appeal. In fact, in Alcarez v. INS, or Ashcroft, the counsel raised issues for the first time in oral argument, and the court addressed these, so long as the government's not prejudiced thereby. Well, these are really totally brand-new kinds of issues. I would suggest that we hear from Mr. Gomes-Ellis, and we'll get back to you. Thank you. Your Honor, if it please the Court. And, Mr. Gomes-Ellis, it would please this member of the Court, if you could address specifically the concern, and it seems to me a fair one by Mr. Godd, that if we don't step in, the government's going to turn around and reincarcerate his client, ex post facto e pluribus unum, without any further proceedings of any – or any further reason. Is that the government's intention? Your Honor, it is not. As a matter of fact, she has been freed now for over four and a half months, and we don't have such an intention to do anything like that. If she were to violate the terms of the probation, that would be – or the condition of the release would be a different story. But first of all, she would have to make a deliberate attempt or intention to violate that – to violate those rules. So that would be a decision that she may or may not make. As long as she keeps herself within the conditions of the bond and so on that she's out on, it's not the government's intention to take her off the street. No, Your Honor. No, Your Honor. It is not. As a matter of fact, even if she were to violate those conditions, the government first would have to find out about that, something that may or may not happen. But even if we do find out about it, then it's a discretionary decision of the agency to put her back on prison or not. So we have so many hypotheticals involved in this situation that we certainly don't have an Article III case of controversy before us. What's pending now with respect to this person? Your Honor? Out waiting for what? Waiting for the immigration judge to have a hearing to determine if the level – well, if the incompetence of prior counsel was such that clearly prevented her from presenting her claim to the administrative – to the immigration judge that she was not an aggravated felon and that she had not committed any crime of moral turpitude. And the Court was – this Court was very, very specific as to what the immigration judge needed to take a look at. So she's awaiting determination on that, and she's out. And she's out. Yes, Your Honor, for the past four and a half months. Is there any particular delay or problem in getting a reasonably prompt determination of the earlier order that we want to know what the INJ, the immigration judge, is doing? No, that I'm aware of, Your Honor. As a matter of fact, when this Court issued the remand that the immigration judge look at the situation regarding the ineffective assistance of counsel, it took the immigration judge 10 days to issue an order that she be released on bond. That was done on Friday, June the 3rd, and by Monday, June the 6th, she was out of prison. I'm not aware of any unnecessary or undue delay in this particular case. There's nothing we can do at this point to make sure that she's getting due process? I don't believe there is, Your Honor. It appears that she has been getting due process. Is there anything scheduled for her? Not that I'm aware of, Your Honor, at this point. Do you know how long it normally takes for something like this to be resolved? That's a very tough question, Your Honor. My point is the remand triggered her release. Is that what you're telling us? That is correct, Your Honor. That is correct. All right. And part of the question then is, if we dismiss for mootness, does that trigger the case dying somewhere in the process? I don't want that. I don't want that. I can't speak for my colleague. I don't want that to happen. He's taken the trouble to get up here and ask us for help. We have your assurance that, in your cooperation with him, that this thing will keep moving, even though this particular appeal may be moot. That is correct, Your Honor. Anything else? All right. Mr. Gard. Thank you, Your Honor. What else can we do for you? Notwithstanding that counsel is consistently a perfect gentleman, his client in many situations is not terribly responsive to the needs of detained aliens or formerly detained aliens, and we are absolutely concerned. Just to correct a misunderstanding, we're not waiting for the immigration judge to correct anything in this case. It's the Board of Immigration Appeals that needs to find ineffective assistance, this counsel, and then the immigration judge can. That's pending. That is pending, and it's been pending for five months. And there's been no indication that anybody has acknowledged within his client's organization this Board's original order. And one thing that we can receive from this court, to be of tremendous assistance, is instructions to the Board to adjudicate the motion to reopen within 90 days or within 90 days, which would give. Speaking for myself, we don't do that. They've got thousands of things. They've got all kinds of people who have serious problems, such as your clients, for us to start telling them how to run their business that way. We can only ask. I appreciate it. Okay. Thank you, counsel. The matter just argued will be submitted.
judges: Trott, Rymer, Plager